## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COOPER CONSOLIDATED, LLC | § | |
| | § | |
| *Plaintiff* | § | CIVIL ACTION NO. _____ |
| | § | |
| V. | § | JUDGE _____ |
| | § | |
| DOWA LINE AMERICA CO., LTD., | § | |
| DOWA LINE CO., LTD., and | § | MAGISTRATE JUDGE _____ |
| H&J MARINE, INC., | § | |
| *in personam* | § | ADMIRALTY |
| | § | |
| and | § | Pursuant to FED. R. CIV. P. 9(h) |
| | § | |
| THE M/V CENTURY QUEEN | § | |
| *in rem* | § | |
| | § | |
| *Defendants* | § | |
| | § | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

The plaintiff, Cooper Consolidated, LLC ("Cooper"), submits this Complaint against the defendants, Dowa Line America Co., Ltd. ("DOWA America"), Dowa Line Co., Ltd. ("DOWA"), and H&J Marine, Inc. ("H&J"), *in personam*, and the M/V CENTURY QUEEN, *in rem*, an oceangoing vessel bearing the IMO number 9831531 owned and/or operated by DOWA America, DOWA, and/or H&J at all relevant times.

## **PARTIES**

1.  Upon information and belief, the *in personam* defendant, DOWA America is a foreign corporation organized and existing under the laws of Japan. On further information and belief, DOWA America is the owner of the CENTURY QUEEN and/or operated the vessel at all material times.

2. Upon information and belief, the *in personam* defendant, DOWA is a foreign corporation organized and existing under the laws of Japan. On further information and belief, DOWA is the owner of the CENTURY QUEEN and/or operated the vessel at all material times.

3. Upon information and belief, H&J is a foreign corporation organized and existing under the laws of Japan. On further information and belief, DOWA is the owner of the CENTURY QUEEN and/or operated the vessel at all material times.

4. Cooper is a limited liability company organized and existing under the laws of the State of Louisiana, engaged in the business of providing stevedoring services and other necessaries on the Mississippi River to various shippers and carriers.

## JURISDICTION

5. This is an action within this Court's jurisdiction pursuant to 28 U.S.C. §1333 (admiralty jurisdiction), 28 U.S.C. §1332 (diversity jurisdiction), and Federal Rule of Civil Procedure 9(h). Cooper elects to bring this action pursuant to 28 U.S.C. §1333 (admiralty and maritime jurisdiction) and Rule 9(h) of the Federal Rules of Civil Procedure.

6. DOWA America issued a letter of undertaking dated March 4, 2020 (the "LOU"), which provides security for Cooper's claims asserted herein and confers exclusive jurisdiction for all claims arising out of this litigation on the U.S. District Court for the Eastern District of Louisiana.

## FACTUAL BACKGROUND

7. On February 27, 2020, the CENTURY QUEEN berthed at Cooper's Darrow Fleet at Mile Marker 179 in the Mississippi River (the "Berth") where Cooper provided stevedoring services and other necessaries to the CENTURY QUEEN under the terms and conditions set

forth in Cooper's publicly available Ship Mooring Terminal Tariff (the "Cooper Tariff") in effect at the time.

8. Because the Cooper Tariff was a publicly available "schedule of rates, regulations, and practices, including limitations of liability for cargo loss or damage, pertaining to receiving, delivering, handling, or storing property at its marine terminal," it "is enforceable by [this Court] as an implied contract without proof of [the CENTURY QUEEN's] actual knowledge of its provisions" under U.S.C.A. § 40501(f).

9. Additionally, Southport Agencies, Inc. ("Southport"), in its capacity as agent or representative of the CENTURY QUEEN, her agent(s), owner(s) and/or operator(s), and/or manager(s), and/or charterer(s), signed Cooper's berth application for the Berth under which Southport, on behalf of DOWA America, DOWA, and/or H&J (the owner(s) and/or operator(s) of the CENTURY QUEEN), agreed to be bound by the Cooper Tariff and all terms and provisions therein.

10. Cooper provided a host of services and other necessaries to the CENTURY QUEEN at the Berth and assessed charges in accordance with the Cooper Tariff for dockage, launch, security, mooring (including a high-river surcharge for extra lines), tugs (including the use of tugs in and out of the Berth and tug stand-by charges), gross register tonnage, buoys, and fuel and high-river surcharges (various percentage increases to launch, tugs, gross register tonnage, buoys, standby for tugs, and mooring charges) (collectively, the "Tariff Charges") in the amount of $494,250.32.

11. Cooper ordered the CENTURY QUEEN to depart the Berth on March 1, 2020, at approximately 1300 hours (1:00 P.M.) Central Standard Daylight Time.

12. Under the Cooper Tariff, delay charges accrue at a rate of $5,000.00 per hour for the failure to vacate the Berth when ordered to do so by Cooper (the "Delay Charges").

13. The CENTURY QUEEN remained in the Berth for approximately 71 hours after Cooper ordered the CENTURY QUEEN to vacate the berth until she departed from the Berth on March 4, 2020, at approximately 1200 hours (12:00 P.M.) Central Standard Daylight Time.

14. While the CENTURY QUEEN remained in the Berth from March 1, 2020, to March 4, 2020, other vessels that were scheduled to enter the Berth during that time period were precluded from doing so.

15. During her time occupying the Berth from March 1, 2020, to March 4, 2020, the CENTURY QUEEN incurred $355,000.00 in Delay Charges.

16. Under the Cooper Tariff, the owner, operator, and agents of any vessel that refuses to vacate the Berth when ordered to do so are responsible for Cooper's losses, damages, costs, and expenses incurred as a result of the vessel's failure to vacate and are obligated to defend, indemnify, and hold Cooper harmless from any and all claims (including reasonable attorneys' fees and court costs incurred in connection with its defense of Cooper in such claims) in any way arising out of or related to the vessel's failure to vacate the Berth.

17. The Cooper Tariff also provides that Cooper is entitled to recover attorneys' fees and court costs incurred in connection with Cooper's enforcement of its rights under the Cooper Tariff from DOWA America, and/or DOWA, and/or H&J.

18. Therefore, the total amount of damages presently due and owing to Cooper from DOWA America, and/or DOWA, and/or H&J in connection with the Tariff Charges and the Delay Charges is $494,250.32, in addition to Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT 1 – BREACH OF MARITIME CONTRACT

19. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Cooper brings this claim *in personam* against DOWA America, DOWA, and H&J, as more fully set out above, because DOWA America, and/or DOWA, and/or H&J entered into and breached the maritime contract with Cooper evidenced by the Cooper Tariff.

21. Cooper performed its obligations under the contract as set forth above.

22. DOWA America, and/or DOWA, and/or H&J, on the other hand, have failed to comply with the terms of the agreement by failing to pay the amounts owed under the Cooper Tariff.

23. Accordingly, DOWA America, and/or DOWA, and/or H&J are in breach of the contract evidenced by the Cooper Tariff and are indebted to Cooper in the amount of $494,250.32, in addition to Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT II – UNJUST ENRICHMENT

24. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. DOWA America, and/or DOWA, and/or H&J have been unjustly enriched.

26. Cooper performed services and provided necessaries to the CENTURY QUEEN as authorized and approved by DOWA America, and/or DOWA, and/or H&J.

27. DOWA America, and/or DOWA, and/or H&J are indebted to Cooper in the amount of $494,250.32 as a result of the services provided.

28. DOWA America, and/or DOWA, and/or H&J have failed to pay Cooper for the services provided.

29. DOWA America, and/or DOWA, and/or H&J's continued withholding of amounts due and owing to Cooper for work performed and properly invoiced have unjustly enriched DOWA America, and/or DOWA, and/or H&J at Cooper's sole expense.

30. DOWA America, and/or DOWA, and/or H&J's tortious unjust enrichment has caused Cooper to suffer damages in the amount of $494,250.32, plus Cooper's attorneys' fees and costs incurred in prosecuting this lawsuit.

**WHEREFORE,** Cooper Consolidated, LLC, respectfully requests that this Court enter judgment against the *in personam* defendants, Dowa Line America Co., Ltd., Dowa Line Co., Ltd., and H&J Marine Inc. and the *in rem* defendant, the M/V CENTURY QUEEN, in the amount of $494,250.32 for charges due and owing under the relevant contract evidenced by the Cooper Tariff, with interest, costs, and attorneys' fees as determined to be reasonable by this Court, including pre- and post-judgment interest, and any other general or equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Fredric B. Eisenstat*
JASON P. WAGUESPACK, T.A. (#21123)
FREDRIC B. EISENSTAT (#35472)
ANDREW V. WATERS (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
jwaguespack@gallowaylawfirm.com
reisenstat@gallowaylawfirm.com
awaters@gallowaylawfirm.com
Attorneys for the Plaintiff, *Cooper Consolidated, LLC*